# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# WICHITA FALLS DIVISION

| | | |
|---|---|---|
| JAMES THOMAS MOORE, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 7:08-CV-105-O-KA |
| | ) | |
| DIRECTOR TDCJ-CID | ) | |
|     Defendants. | ) | |

## REPORT AND RECOMMENDATION

Petitioner JAMES THOMAS MOORE has filed his Petition for Writ of Habeas Corpus by a Person in State Custody challenging the denial of street time credits on his sentence resulting from the revocations of his two paroles from his 45-year sentence and challenging the recalculation of his "shortway mandatory release"[1] as a result of that denial of street time credits thereby lengthening his the early release date for his sentence by 10 years. On February 6, 1980, Moore was convicted of murder on his guilty plea and was sentenced to forty-five years in prison. On December 18, 1989, Moore was released for the first time on parole. His first parole was revoked on February 14, 1996, with jail credit allowed from July 8, 1995. On April 26, 2000, Moore was released on parole the second time. He returned to custody again on May 27, 2003 for a violation of his parole, with jail credit allowed from October 6, 2002 and his parole was thereafter revoked on June 18, 2003. "Jail credit" refers to the time periods during which Moore was held in custody pending the revocations of his parole and was granted as credits against his sentence and is not in dispute.

---

[1] Petitioner Moore alternately refers to this date as "early release" date.

1

The effect of denial of X years of street time is to mathematically move the date of a prisoner's final release to a calendar date that is X years after the original sentence expiration or release date. The denial of street time does not "add" years to the original term, but merely denies credit for the years that passed while the prisoner is no longer incarcerated while on parole. Similarly, once the new longway release date is established the "shortway" release date or "early mandatory" release date is mathematically determined by the amount of good time the prisoner can accrue while serving the remaining balance of his sentence.

## Moore's Claims

By his Petition as supplemented by his responses to the Court's Interrogatories, Moore claims that the State of Texas (hereafter "State") is illegally holding him beyond the term of his sentence and he should have been released February 2, 2007, his original shortway release date. He claims that the State wrongfully added eight years to his forty-five-year sentence. In support of that conclusion, he makes two specific claims: 1. that he was wrongfully denied his "street time"-the time he spent on parole, thereby extending his sentence and his "longway discharge" date by eight years; and, 2. that the wrongful denial of his "street time" also resulted in an erroneous extension of his "shortway mandatory release" date. Moore calculates that his original sentence would have expired on April 13, 2024 and barring any denial of his "street time" he would have been released no later than that date. He further claims that but for the denial of his street time he would have been eligible for mandatory release on the "shortway release" date of February 2, 2007. He also seems to dispute receiving full credit for "good time," "class time," "work time," and all "jail time." Petition p.7. Moore acknowledges that he spent a total of eight years, five months and one day on the two paroles. Response #1 to Court Interrogatories.

## State's Response

The State acknowledges that it did not give Moore credit on his sentence for the eight years he spent on parole. Case law within this Circuit establishes that there is no federal constitutional right to "street time" as a reduction of the sentence of a federal parole violator. *Newby v. Johnson*, 81 F. 3d 567, 567 (5th Cir. 1996); *Munguia v. United States Parole Commission*, 871 F. 2d 517, 521 (5th Cir. 1989); *Starnes v. Cornett*, 464 F. 2d 524 (5th Cir. 1972). Therefore, I conclude that the summary denial of "street time" by the State is not *per se* an unreasonable application of relevant federal court precedent.

The State further responds to Moore's allegations regarding "street time credits" and calculations thereof that his claims are <u>time barred</u> under the AEDPA 1-year period of limitations.[2] Concentrating on subdivision (D) of that section[3], the State asserts that as a matter of law Moore discovered or should have discovered the "factual predicate" of his claims years before the filing of his federal petition.[4] The State then addresses the denials of "street time" and the recalculation of his sentence termination dates following each of the revocations of Moore's paroles.

First Parole: The State asserts that Moore knew or should have discovered that the revocation of his parole would and did result in the loss of his "street time" in 1996 as a result of that first revocation on January 5, 1996. Since his revocation predated the enactment of

---

[2] 28 U. S. C. § 2244 (d) (1).

[3] Section (d) (1) provides in pertinent part: "The limitation period shall run from the latest of- (A)......(D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

[4] The State asserts that subsections (B) and (C) of Section (d) (1) are inapplicable since the instant petition does not concern a newly recognized constitutional right and does not implicate any unconstitutional state action to "impede the filing" of the instant petition.

3

AEDPA, the State acknowledges that the AEDPA extended the commencement of his filing period to April 24, 1996 (the effective date of the act). Nonetheless, the State argues that Moore's claims for street time credit for his first parole expired on April 24, 1997, 11 years before his federal court filing and are time barred.

Second Parole: Moore's second parole was revoked on June 18, 2003. Thus the state argues that after five years his claims are time barred. Buttressing its argument that Moore knew or should have known the factual predicate for his time credit claims *as of* the date of his parole revocation, the State proceeds further with its "time bar" argument to address certain of the "tolling" provisions in AEDPA.[5]

Certainly, when Moore filed his application for writ of habeas corpus in the state court, he then knew or had discovered the "factual predicate" for his claims that addressed the denial of street time and the calculations of his shortway and longway release dates. Accordingly, but for the tolling of limitations during the pendency of that proceeding the limitations period commenced upon the date of that filing.

### Tolling Periods

Following that second revocation, Moore filed four sequential time credit dispute resolution forms[6] which were in various stages of administrative review when Moore filed with

---

[5] Section (e) of AEDPA provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment of claim is pending shall not be counted toward any period of limitation under this section."

[6] These are in the nature of grievances within the prison administrative resolution system. The first time credit dispute was filed December 21, 2003; Second time credit dispute was filed July 25, 2003; third time credit dispute was filed November 20, 2003; fourth time credit dispute was filed April 13, 2004.

4

the State an application for writ of habeas corpus raising his denial of time credit claims.[7] The State argues that the pendency of the administrative review of Moore's time credit claims should be ignored in determining the commencement of the tolling period because it asserts that state administrative decisions are not state court judgments and therefore should not be afforded the tolling status of court judgments. Nor are they "collateral reviews" within the scope of subsection (e). Rather, the tolling period should only begin upon the filing of the state habeas corpus petition. This argument is contrary to current Fifth Circuit precedent. *Kimbrell v. Cockrell*, 311 F. 3d 361, 364 (2002). However, each of the time credit disputes would have tolled the AEDPA limitations period for only 180 days. Tex. Gov't Code § 501.0081(b)(2) (West 2008). Each of these 180 day periods lapsed during the pendency of Moore's state habeas corpus application. Since Moore's federal habeas corpus petition was filed herein on July 25, 2008, slightly more than three years after the final decision of the Court of Criminal Appeals denying his state habeas corpus application, I conclude that as a matter of law, Moore's petition herein is time barred under Section (d) (1) of AEDPA. Accordingly, I recommend that the District Court deny Moore's petition.

It is so Reported and Recommended, this 18th day of May, 2011.

                                                            Robert K. Roach
                                                            UNITED STATES MAGISTRATE JUDGE

---

[7] Filed on May 4, 2004.

Standard Instruction to Litigants

A copy of this Report and Recommendation containing findings and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of this order, report, findings and recommendations must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).